UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JOEL ALMANZAR, individually, and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>AIRGAS USA, LLC,<br><br>Defendant. | X : : : : : : : : : : X | Civil Action No. 2:26-cv-06233<br><br>**ECF CASE**<br><br>**NOTICE OF REMOVAL** |

**PLEASE TAKE NOTICE** that Defendant Airgas USA, LLC ("Airgas"), by and through its attorneys, Seyfarth Shaw LLP, and pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, hereby removes to this Court the action styled *Joel Almanzar, et al. v. Airgas USA, LLC*, Index No. 624857/2026, currently pending in the Supreme Court of the State of New York, Suffolk County.[1] Airgas expressly reserves all defenses and objections available under federal or state law. In support of removal, Airgas states as follows:

## TIMELINESS OF REMOVAL

1. On August 24, 2026, Plaintiff Joel Almanzar ("Plaintiff") filed a Collective and Class Action Complaint (the "Complaint" or "Compl.") with the Supreme Court of the State of New York, Suffolk County, titled *Joel Almanzar, et al. v. Airgas USA, LLC,* Index No. 624857/2026 (the "State Court Action"). Pursuant to 28 U.S.C. § 1446, true and accurate copies of the Summons, Complaint, and all other papers filed in the State Court Action are attached hereto

[1] By removing this action to this Court, Defendant does not waive any defense, objection or responsive pleading available under state or federal law. Defendant expressly reserves the right to seek dismissal of some or all of Plaintiff's claims and/or seek dismissal for lack of personal jurisdiction, improper venue, forum non conveniens, standing, or any other applicable grounds such as a failure to state a viable cause of action.

collectively as **Exhibit A**.

2. On September 4, 2026, Plaintiff served Defendant with the Summons and Complaint. (*See* **Exhibit A**.)

3. On September 23, 2026, the parties stipulated that Defendant's time to respond to the Complaint is October 26, 2026.

4. Since Defendant was served the Complaint on September 4, 2026, the 30-day removal period under 28 U.S.C. § 1446(b) expires on October 5, 2026. This Notice of Removal is therefore timely.

## GROUNDS FOR REMOVAL

### A. Federal Question Jurisdiction

5. Plaintiff's Complaint is removable on the basis of federal question jurisdiction under 28 U.S.C. § 1331, in that Plaintiff's Complaint alleges federal causes of action.

6. 28 U.S.C. § 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

7. Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over the instant action based on federal question jurisdiction in that Plaintiff's Complaint asserts collective claims for unpaid overtime and minimum wages under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 203 *et seq.*, a federal statute. (Compl. ¶¶ 7, 14, 16, 19, 21–24, 30–35, 37, 55, 57–58, 61–62, 70–78, 80–84). The United States District Court for the Eastern District of New York, therefore, has subject matter jurisdiction over this action because Plaintiff alleges violations of federal law. 28 U.S.C. §§ 1331, 1441(a) and (c); *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).

8. Accordingly, this action presents a federal question over which this Court has

original jurisdiction under 28 U.S.C. § 1331, and removal of Plaintiff's Complaint is proper. Resolution of Plaintiff's claims will require the Court to construe and apply the FLSA.

9. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), which provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Here, as the Complaint makes clear, all seven of Plaintiff's causes of action arise out of the same alleged conduct by Defendant—namely, Plaintiff's employment as an allegedly non-exempt worker for Defendant, from approximately January 2021 through October 2023, and Defendant's alleged failure to pay straight or overtime wages to Plaintiff for off-the-clock work performed in multiple workweeks, including workweeks in which Plaintiff's work exceeded forty total hours, inclusive of both recorded and off-the-clock work. (*See generally* Compl.)

10. The factual allegations underlying Plaintiff's other claims for relief under New York State law—Plaintiff's Third Cause of Action for failure to pay overtime wages in violation of New York Labor Law ("NYLL") § 650 *et seq.* and 12 NYCRR Part 142; Fourth Cause of Action for failure to pay non-overtime wages in violation of NYLL §§ 650 *et seq.* and 12 NYCRR Part 142; Fifth Cause of Action for failure to timely pay wages in violation of NYLL § 191; Sixth Cause of action for failure to provide notice upon hiring in violation of NYLL § 195(1)(a); and Seventh Cause of Action for failure to provide wage statements in violations of NYLL § 195(3)—are within the supplemental jurisdiction of this Court under 28 U.S.C. § 1367(a), because they are so related to the FLSA claims that they form part of the same case or controversy under Article III of the United States Constitution. Accordingly, Plaintiff's state-law claims form part of the same

case or controversy as the federal claim and are properly before this Court under § 1367(a).

**B. Diversity Jurisdiction**

11. Alternatively, this Court also has original jurisdiction of this action under 28 U.S.C. § 1332(a)(1). As set forth below, this action is removable pursuant to 28 U.S.C. § 1441(a) because the amount in controversy is in excess of $75,000, exclusive of interest and costs, and is between citizens of different states.

12. Pursuant to 28 U.S.C. § 1332(a), "the district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between. . .citizens of the different states." 28 U.S.C. § 1332(a).

**1. The parties are citizens of different states**

13. Plaintiff is a resident and citizen of New York. (Compl. ¶ 7).

14. For diversity purposes, a limited liability company ("LLC") "takes the citizenship of each of its members." *Bayerische Landesbank, New York Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012).

15. Airgas is a single-member LLC, meaning it has one single owner/member. Airgas's single owner/member is Airgas, Inc. *See Martinez v. Airgas USA, LLC*, Case No. 5:26-cv-08473-NC (N.D. Cal.) (ECF No. 1-2 ¶ 3). Because Airgas is owned by a corporation, the corporation must be completely diverse from Plaintiff. *See Beaufort Cap. Partners LLC v. Oxysure Sys., Inc.*, No. 16-CV-5176 (JPO), 2017 WL 913791, at *2 (S.D.N.Y. Mar. 7, 2017).

16. Pursuant to 28 U.S.C. § 1332(c), "[f]or the purposes of this section and section 1441 of this title. . .a corporation shall be deemed to be a citizen of every State and foreign state by which is has been incorporated and of the State or foreign state where it has its principal place of business. . ." 28 U.S.C. § 1332(c).

17. Airgas, Inc. is incorporated under the laws of the State of Delaware, and its principal place of business is located in Pennsylvania. Airgas, Inc. is not a citizen of the State of New York. *See Martinez v. Airgas USA, LLC*, Case No. 5:26-cv-08473-NC (N.D. Cal.) (ECF No. 1-2 ¶¶ 3-4).

18. Thus, Plaintiff and Airgas are citizens of different states, and this case is "between citizens of different states." 28 U.S.C. §§ 1332(a), (c).

**2. The amount in controversy exceeds the minimum of $75,000**

19. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

20. Plaintiff asserts various claims under the FLSA and NYLL for unpaid wages, unpaid overtime, failure to timely pay wages, failure to provide notices upon hiring, and failure to issue adequate wage statements. (*See generally* Compl.). Plaintiff seeks "[a]n award of damages, including unpaid wages, liquidated damages . . . pre-judgment and post-judgment interest. . .[a]ttorneys' fees and costs incurred, in this action, including expert fees, as provided by law. . .[and] [r]easonable service award for the named plaintiffs." (*See* Compl. ¶¶ 73–WHEREFORE CLAUSE).

21. Where, as here, attorneys' fees are awarded as a matter of right to a prevailing plaintiff, they are considered in assessing whether the amount in controversy exceeds $75,000. Liquidated damages are likewise considered. *See Collins v. Hanesbrands Inc.*, No. 23-cv-01818 (CM), 2023 WL 7386631, at *2 (S.D.N.Y. Nov. 8, 2023) (finding liquidated damages provided for NYLL timely-payment claim satisfied amount in controversy requirement); *Metcalf v. TransPerfect Translations Int'l, Inc.*, 632 F. Supp. 3d 319, 326-27 (S.D.N.Y. 2022) (liquidated

damages and attorneys' fees under the NYLL could be included in amount in controversy calculation); *Gould v. Marconi Dev. Grp., LLC*, No. 19-cv-01454, 2020 WL 2042332, at *7-8 (N.D.N.Y. Apr. 28, 2020) (because liquidated damages are recoverable by statute under NYLL § 191-c, court could consider them in calculating amount in controversy).

22. Courts routinely hold that allegations similar to Plaintiff's are sufficient to establish that the amount in controversy exceeds $75,000. *See, e.g., CG Access Grp., LLC v. Fabrique Innovations, Inc*., No. 1:24-CV-03230 (JLR), 2024 WL 4817465, at *3 (S.D.N.Y. Nov. 18, 2024).

23. Accordingly, the Complaint plausibly places more than $75,000 in controversy, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(c).

24. Based on the foregoing, this Court has original jurisdiction over Plaintiff's claims. *See* 28 U.S.C. §§ 1332(a); (c).

25. This action is removable to this Court. 28 U.S.C. §§ 1441(a), (b).

**<u>VENUE IS PROPER</u>**

26. Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Venue is proper in this District because this Court embraces the County of Suffolk, New York, the place where the State Court Action is pending. 28 U.S.C. § 1441(a).

**<u>NOTICE OF FILING OF REMOVAL IN NEW YORK SUPREME COURT</u>**

27. Pursuant to 28 U.S.C. § 1446, Defendant is contemporaneously filing written Notice of the Filing of this Notice of Removal, together with a copy of this Notice of Removal, with the Clerk of the Supreme Court of New York, Suffolk County. Defendant is also serving a copy of the notice filed with the Supreme Court of the State of New York, Suffolk County, on counsel for Plaintiff.

28. Based on the foregoing, this Court has original jurisdiction over this action on the basis that Plaintiff's claims arise under the Constitution, laws, or treaties of the United States. Therefore, this action is removable to this Court pursuant to 28 U.S.C. § 1441(c).

29. The undersigned has read this Notice of Removal, and to the best of the undersigned's knowledge, information, and belief, formed after reasonable inquiry, certifies that Defendant's factual allegations have evidentiary support and its legal contentions are warranted by existing law. The undersigned also certifies that this Notice of Removal is not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

30. By filing this Notice of Removal, Airgas does not waive any defenses available at law, in equity or otherwise.

31. Should any question arise as to the propriety of this removal, Airgas requests the opportunity to brief any disputed issues and to present oral argument in support of its position.

**WHEREFORE,** Defendant respectfully requests that the above-referenced civil action proceed in the United States District Court for the Eastern District of New York as an action properly removed thereto, and requests that this Court retain jurisdiction for all further proceedings in this matter.

Dated: New York, New York
October 2, 2026

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/* Kyle Winnick

Kyle D. Winnick
kwinnick@seyfarth.com
620 Eighth Avenue
32nd Floor
New York, New York 10018
Telephone: (212) 218-5500
Facsimile: (212) 218-5526

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I, Kyle Winnick, hereby certify that on October 2, 2026, I caused to be electronically filed the foregoing NOTICE OF REMOVAL, WITH EXHIBIT A, via the Court's CM/ECF system, and served true and correct copies of the foregoing documents via Federal Express, priority overnight, and electronic mail, upon the following counsel of record:

Joanna Ghosh
LAWYERS for JUSTICE, P.C.
217 Broadway, Suite 511
New York, New York 10007
joanna@calljustice.com

/s/ Kyle D. Winnick
Kyle D. Winnick