FILED
CLERK
11/6/2026
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

----------------------------------------------------------------------X

JOEL ALMANZAR, individually, and on behalf of others similarly situated,

*Plaintiff*,

-against-

AIRGAS USA, LLC,

*Defendant*.

----------------------------------------------------------------------X

**MEMORANDUM AND ORDER**

2:26-cv-06233-GRB-JMW

**APPEARANCES:**

Joanna Ghosh
Breanna Small
**Lawyers *for* Justice, P.C.**
217 Broadway, Suite 511
New York, NY 1007
*Attorneys for Plaintiff*

-and-

Kyle D. Winnick
**Seyfarth Shaw LLP**
620 Eighth Ave, 32nd Floor
New York, NY 10018
*Attorney for Defendants*

**WICKS**, Magistrate Judge:

Before the Court is Defendant's Motion to Stay Discovery (ECF No. 9), which Plaintiff opposes (ECF No. 10). Because Defendant has made a strong showing that Plaintiff's claims are unmeritorious and because Plaintiff will not be prejudiced at this early stage of the case, the Court finds that good cause exists, and grants Defendant's motion to stay discovery, except for initial disclosures.

## FACTUAL BACKGROUND

Plaintiff alleges, individually and on behalf of all others similarly situated, that Defendant violated the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") because it failed to pay overtime wages, non-overtime wages, and minimum wages, failed to pay timely wages, and failed to provide wage-notices and wage-statements. (*See generally* ECF No. 1-2.) Defendant operates "an industrial gas and supply business that provides specialty gases, welding equipment, and safety products throughout the United States." (ECF No. 1-2 ¶ 2.) Defendant employed Plaintiff as a non-exempt worker at Defendant's Islandia location, from January 2021 to October 2023. (*Id.* ¶¶ 7–9.) Plaintiff alleges that he "regularly worked off the clock for Defendant['s] benefit performing tasks before clocking in for shirt, during what should have been a duty-free meal break, and after clocking out of a shift," and that he "regularly worked off the clock and worked overtime and was not compensated for all hours worked." (*Id.* ¶¶ 10–11.) Plaintiff seeks to prosecute the FLSA claims as a collective action under 29 U.S.C. § 216(b) and defines the collective as:

> All current and former hourly-paid or non-exempt employees who worked for Defendants in the State of New York at any time during the period from three years prior to the filing of this Complaint to the date of final judgment in this action and who choose to opt-in to this action.

(*Id.* ¶ 30.)

Plaintiff also brings this action, individually and on behalf of all persons similarly situated, under NY CPLR § 901, and defines the class as:

> All current and former hourly-paid or non-exempt employees who worked for Defendants in New York during the period from six-years prior to the filing of this Complaint to the date of final judgment in this action.

(*Id.* ¶ 38.)

Plaintiff further alleges that Defendant was aware "that Plaintiff, FLSA Collective Members, and Class Members worked off the clock before clocking in for a shift, during what should have been a duty-free meal break, and after clocking out of a shift, yet Defendants failed to pay them minimum, regular, and overtime wages for all hours worked." (*Id.* ¶ 62.) And that "[t]throughout the duration of their employment, Plaintiff and Class Members received paychecks from Defendants that did not properly record or compensate them for all hours that they worked." (*Id.* ¶ 63.) Plaintiff asserts seven causes of action—two under the FLSA for overtime wages and minimum wage, and five under the NYLL for overtime wages, non-overtime wages, pay frequency, wage-notice, and wage-statements. (*See generally* ECF No. 1-2.)

## **PROCEDURAL BACKGROUND**

Plaintiff filed the Complaint in New York state court on August 24, 2026. (ECF No. 1 Ex. A.) Defendant removed to federal court on October 2, 2026. (ECF No. 1.) A week later, Defendant filed a letter motion requesting a Pre-Motion Conference for its proposed Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (ECF No. 6.) The Honorable Gary R. Brown granted that letter motion and set a pre-motion conference for December 11, 2026. (Electronic Order dated Oct. 13, 2026.) And on October 22, Defendant filed the current Motion to Stay Discovery. (ECF No. 9.) Plaintiff filed opposition to the stay on November 3. (ECF No. 10.) The Court now considers the Motion to Stay Discovery.[1]

## **LEGAL FRAMEWORK**

"'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for

[1] The Court recognizes that Plaintiff has not, at this time, opposed Defendant's Motion for Pre-Motion Conference because a response is not due until November 13, 2026, (*see* Electronic Order dated Oct. 13, 2026), and so the Court is without Plaintiff's letter that would, presumably, argue why his Complaint is adequate.

counsel, and for litigants.'" *L.N.K. International, Inc. v. Continental Casualty Company*, No. 22-cv-05184 (GRB) (JMW), 2023 WL 2614211, at *1 (E.D.N.Y. Mar. 23, 2023) (quoting *Thomas v. N.Y. City Dep't of Educ.*, No. 09-CV-5167, 2010 WL 3709923, at *2 (E.D.N.Y. Sept. 14, 2010)) (citation omitted). The mere filing of a dispositive motion, in and of itself, does not halt discovery obligations in federal court. That is, a stay of discovery is not warranted, without more, by the mere pendency of a dispositive motion. *Gagliano v. United States*, No. 24-cv-07930 (SJB) (JMW), 2025 WL 1104042, at *2 (E.D.N.Y. Apr. 14, 2025) (citing *Weitzner v. Sciton, Inc.*, No. CV 2005-2533, 2006 WL 3827422, at *1 (E.D.N.Y. Dec. 27, 2006)).

Rather, "[u]nder Fed. R. Civ. P. 26(c), a district court may stay discovery during the pendency of a dispositive motion for 'good cause' shown." *Alloway v. Bowlero Corp.*, No. 2:24-CV-04738 (SJB) (JMW), 2025 WL 1220185, at *1 (E.D.N.Y. Apr. 28, 2025). In evaluating whether a stay of discovery pending resolution of a motion to dismiss is appropriate, courts typically consider: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Brinkmann v. Town of Southold, New York*, No. 21-cv-02468 (LDH) (JMW), 2022 WL 3912974, at *1 (E.D.N.Y. Aug. 31, 2022) (citation omitted). "Courts also may take into consideration the nature and complexity of the action, whether some or all of the defendants have joined in the request for a stay, and the posture or stage of the litigation." *Vida Press v. Dotcom Liquidators, Ltd.*, No. 22-cv-2044 (HG) (JMW), 2022 WL 17128638, at *1 (E.D.N.Y. Nov. 22, 2022) (quoting *Chesney v. Valley Stream Union Free Sch. Dist.*, No. 24, 236 F.R.D. 113, 115 (E.D.N.Y. 2006)).

## DISCUSSION

A stay of discovery, except for initial disclosures, is warranted. Defendant has made a strong showing that all of Plaintiff's claims are unmeritorious and are unlikely to survive a motion to dismiss. And Plaintiff will not be prejudiced given the posture of the case.

### I. Defendant Has Made a Strong Showing that Plaintiff's Claims are Unmeritorious[2]

Defendant is preparing to dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In capsule form, Defendant argues (1) that the NYLL wage-notice and wage-statement claims should be dismissed for lack of standing under Rule 12(b)(1), and (2) that the FLSA and NYLL overtime claims, the FLSA and NYLL minimum wage claims, and the NYLL pay-frequency claim should all be dismissed under Rule 12(b)(6). (ECF No. 6 at 2–3.) And because Defendant has made a strong showing that Plaintiff's claims are unmeritorious, this factor favors a stay.

#### A. Lack of Standing for NYLL Wage-Notice and Wage-Statement Claims

The "irreducible constitutional minimum of standing" has three elements. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). "A plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 593 U.S. 413, 423 (2021). And "a plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought." *Town of Chester v. Laroe Ests., Inc.* 581 U.S. 433, 439 (2017).

[2] For present purposes, the Court bases its analysis solely upon the arguments in Defendant's pre-motion letter and Plaintiff's opposition to the Motion to Stay, which is not intended to pre-judge Defendant's Motion to Dismiss that will be briefed before, and considered by, the Honorable Gary R. Brown.

Plaintiff fails to allege concrete injury for his NYLL wage-notice and wage-statement claims. "[A] plaintiff cannot rely on 'technical violations' of the Labor Law but must allege 'actual injuries suffered as a result of the alleged . . . wage notice and wage statement violations.'" *Guthrie v. Rainbow Fencing Inc.*, 113 F.4th 300, 305 (2d Cir. 2024) (quoting *Guthrie v. Rainbow Fencing Inc.*, No. 21-cv-5929 (KAM)(RML), 2023 WL 2206568, at *5 (E.D.N.Y. Feb. 24, 2023)). In other words, "the plaintiff-employee must support a plausible 'theory as to *how* he was injured by the defendants' failure to provide the required documents.'" *Guthrie*, 113 F.4th at 309 (quoting *Quieju v. La Jugueria Inc.*, No. 23-cv-0264 (BMC), 2023 WL 3073518, at *2 (E.D.N.Y. Apr. 25, 2023)).

Here, Plaintiff asserts for both his wage-notice and wage-statements claims that he "and Class Members have suffered damages in amounts to be determined at trial . . . ." (ECF No. 1-2 at 34 ¶ 117; *Id.* at 35 ¶ 122.) Absent is any "theory as to *how* he was injured by" Defendant's "failure to provide the required documents." *Quieju*, 2023 WL 3073518, at *2. Because Plaintiff fails to plausibly show "that defective notices led him . . . to lose wages," he lacks a "concrete interest," and therefore lacks Article III standing for these claims. *Guthrie*, 113 F.4th at 310. Plaintiff's wage-notice and wage-statement claims are thus unlikely to survive.

**B. Inadequate Pleading for FLSA and NYLL Overtime and Minimum Wage Claims, and NYLL Pay-Frequency Claims**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[T]he tenant that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Here, the Complaint

contains mainly conclusory allegations. Lacking sufficient factual detail to state a claim under any of the remaining causes of action, it is unlikely that these claims survive.

**1. FLSA and NYLL Overtime Claims**

"The FLSA mandates that an employee engaged in interstate commerce be compensated at a rate of no less than one and one-half times the regular rate of pay for any hours worked in excess of forty per week," and "the NYLL adopts this same standard." *Nakahata v. New York-Presbyterian Healthcare System, Inc.*, 723 F.3d 192, 200 (2d Cir. 2013) (citations omitted). "To plead a plausible FLSA overtime claim, Plaintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week." *Id.* at 201.

Plaintiff does not state a plausible claim. He fails to plead his regularly scheduled hours, fails to plead the number of shifts he generally worked each week, and fails to plead any information that could allow the Court to approximate the number of overtime hours that he worked. In fact, the Complaint asserts only that Defendant failed to pay "overtime wages to Plaintiff for the off-the-clock work they performed in multiple workweeks, including, *inter alia*, workweeks in which Plaintiff's work exceeded 40 total hours, inclusive of both record and off-the-clock work." (ECF No. 1-2 at 17 ¶ 12.) Though a plaintiff is not required "to provide a week-by-week recounting," nor "set forth the approximate number of unpaid regular and overtime hours" worked, *Herrera v. Comme des Garcons, Ltd.*, 84 F.4th 110, 114–15 (2d Cir. 2023), this single conclusory allegation does not "support a reasonable inference" that he "worked more than forty hours in a given week," *Nakahata*, 723 F.3d at 201. Plaintiff's FLSA and NYLL overtime claims are therefore unlikely to survive.

### 2. FLSA and NYLL Minimum Wage Claims

"To state a claim for minimum wage violation[s] under the FLSA and NYLL, an employee must plead facts demonstrating that her 'average hourly wage falls below the . . . minimum wage.'"[3] *Navarro v. Building Serv., Inc.*, No. 23-cv-7343 (ARR)(MMH), 2024 WL 4225747, at *2 (E.D.N.Y. Sept. 18, 2024) (quoting *Lopez-Serrano v. Rockmore*, 132 F.Supp.2d 390, 402 (E.D.N.Y. 2015)). An employee's average hourly wage" is calculated by dividing the "total renumeration for employment in any workweek by the total number of hours actually worked." *Id.* (quoting 29 C.F.R. § 778.109). "While FLSA plaintiffs are 'not required . . . to keep careful records and plead their hours with mathematical precision,' they are expected to 'draw upon' their 'memory and experience' to provide 'sufficiently developed factual allegations.'" *Id.* (quoting *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 90 (2d Cir. 2013)).

Here, the Complaint is barren of any mention of total compensation and hours worked in any given week. The Complaint "does not contain either of the numerical estimates—total weekly hours and total weekly wages—necessary to calculate the hourly wage rate for" Plaintiff. *Id.* at *3. Plaintiff faults Defendant for relying on "records that are uniquely in its own possession" when it represented that Plaintiff was actually paid $21 or more per hour. (ECF No. 10 at 5.) But the Court considers only the information contained in the Complaint, which is slim and conclusory. Plaintiff's FLSA and NYLL minimum wage claims are unlikely to survive.

---

[3] "A gap-time claim is one in which an employee has not worked 40 hours in a given week but seeks recovery of unpaid time worked, or in which an employee has worked over 40 hours in a given week but seeks recovery for unpaid work under 40 hours." *Id.* The FLSA "does not consider or afford a recovery for gap-time hours." *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 116 (2d Cir. 2013). Neither does the NYLL. *See Savor Health, LLC v. Day*, No. 19-cv-9798 (RA), 2022 WL 912236, at *7 (S.D.N.Y. Mar. 29, 2022) ("Accordingly, the Court concludes that a 'gap-time' claim that seeks wages owed that exceed the state minimum wage is not cognizable under the NYLL."). The Court therefore construes Plaintiff's NYLL non-overtime wage claim as a minimum wage claim. *Id.*

### 3. NYLL Pay Frequency and Unlawful Deductions Claims

Defendant argues that Plaintiff fails to "allege that Airgas paid him at an interval prohibited by NYLL § 191," and instead "alleges that Airgas failed to pay all wages allegedly due." (ECF No. 9-1 at 4.) Plaintiff responds that this claim "invokes the statute's requirement that employees whose employment has ended be paid no later than the pay day on which their next pay would have been due, and alleges that Defendant failed to pay former employees all compensation owed by that date." (ECF No. 10 at 5.) The Complaint's sole allegation related to this claim is that

> Plaintiff is informed and believes that, as a result of the conduct alleged herein, including *inter alias*, Defendant['s] failure to pay proper wages for all hours worked by the Plaintiff and Class Members, Defendant[] failed to pay Plaintiff and Class Members whose employment has ended all compensation to which they were entitled to be paid, no later than the pay day on which their next pay would have been due had they still been employed.

(ECF No. 1-2 at 32 ¶ 105.)

This conclusory allegation is likely insufficient. *Cf. Testa v. Carefusion*, No. 14-cv-5202 (JFB)(AKT), 2016 WL 4099113, at *6 (E.D.N.Y. Aug. 2, 2016) (declining to dismiss a section 191(3) claim where the plaintiff "aver[ed] that he was owed commission payments from October, November, and December 2013, but that he was not paid upon his termination"); *Thompson v. Jennings & Hartwell Fuel Oil Corp.*, No. 14-cv-1857 (RJD)(LB), 2015 WL 5437492, at *5 (E.D.N.Y. Aug. 27, 2015) (holding that the plaintiff had sufficiently pled a violation of section 191(3) for unpaid compensation where he alleged that he was owed $400 in wages for his last week of work, but was not paid); *Belizaire v. RAV Investigative and Sec. Servs. Ltd.*, 61 F.Supp.3d 336, 353 (S.D.N.Y. Nov. 21, 2014) (declining to dismiss a section 191(3) claim where plaintiff alleged "that he never received his payroll check in a timely manner, or in

the correct amount, as [d]efendant had the habit of paying him with bounced checks") (internal quotation marks omitted). This claim is unlikely to survive.

Plaintiff also asserts that Defendant "failed to pay promised wages to Plaintiff and Class Members as required by NYLL §§ 193 and 198." (ECF No. 1-2 at 26 ¶ 64.) Specifically:

> Defendant willfully failed to pay Plaintiff and Class Members promised wages for all hours worked, in violation of New York Labor Law, including, *inter alia*, NYLL Article 6, §§ 193 and 198, which only permits deductions from and/or reductions of wages for certain enumerated purposes where such deduction and/or reductions are authorized in writing and for the benefit of the employee. The failure to pay promised wages constitutes wage theft as a full deduction and/or reduction from wages of an employee.

(*Id.* at 30 ¶ 95.)

"In order to state a claim for violation of NYLL § 193, a plaintiff must allege a specific deduction from wages and not merely a failure to pay wages." *Goldberg v. Jacquet*, 667 Fed. App'x 313, 314 (2d Cir. 2016). Plaintiff not only fails to allege "an improper wage deduction," *Sokolovsky v. Silver Lake Specialized Care Center*, No. 21-cv-1598 (MKB), 2023 WL 5977298, at *12 (E.D.N.Y. Sept. 14, 2023), but Plaintiff's claim also "does not fall within section 193 because, as courts in this Circuit have routinely held, 'an employer's alleged failure to pay for all hours worked does not constitute an improper deduction from wages for purposes of section 193,'" *id.* (quoting *Gordon v. Kaleida Health*, 299 F.R.D. 380, 390 (W.D.N.Y. 2014)). This claim is unlikely to survive.

* * *

In summary, Defendant has made a strong showing that Plaintiff's claims are unmeritorious. Plaintiff, however, argues that "[a] motion that may result in an amended pleading rather than dismissal of the action does not necessarily eliminate the need for discovery." (ECF No. 10 at 5.) Indeed, Plaintiff focuses on the possibility of amending his Complaint to explain why Defendant fails to make a strong showing under this factor. (ECF No.

10 at 4–5.) But because a plaintiff's FLSA and NYLL claims are generally pleaded from an "employees' memory and experience," *Dejesus*, 726 F.3d at 90, the Court finds that this factor nonetheless favors a stay.

## II. Breadth and Burdens of Discovery

Defendant argues that because Plaintiff brings a collective action for approximately 50 people, "[d]iscovery into those allegations could encompass payroll and timekeeping records, personnel and employment records, policies and handbooks, job descriptions, wage notices and statements, and communications concerning hours worked and compensation for Plaintiff and putative class members," which would "entail substantial document collection, review, and potentially ESI-related costs." (ECF No. 9-1 at 5.)

The breadth and corresponding burdens of discovery weigh against a stay. "[A] party seeking a stay must proffer specific reasons why discovery is likely to be unusually complex." *Combs v. Burgess*, No. 25 CIV. 650 (JPC), 2026 WL 205571, at *2 (S.D.N.Y. Jan. 27, 2026). Courts assessing this factor "look to whether discovery would reach such a wide breadth that good cause for a stay exists," which includes the "number of defendants and claims." *Choudhury v. NYC Health & Hosps. Corp.*, No. 25-CV-5240 (PAE), 2025 WL 2977837, at *4 (S.D.N.Y. Oct. 22, 2025) (citations omitted) (collecting cases).

Here, though there are seven claims, all of them have similar allegations stemming from Defendant's alleged violations of wage-and-hour requirements. Discovery thus "does not reach a wide-breadth that good cause for a stay exists." *Guiffre v. Maxwell*, No. 15-cv-7433 (RWS), 2016 WL 254932, at *2 (S.D.N.Y. Jan. 20, 2016). This factor therefore weighs against a stay.

## III. Plaintiff Will Not Be Prejudiced by a Stay

This case is in its nascent stage. The Court has not held an Initial Conference, and thus, no discovery has occurred. Indeed, courts in this Circuit grant short stays that will be vacated upon resolution of a motion to dismiss and "neither unnecessarily delay the action nor prejudice the plaintiffs thereby." *Spencer Trask Software & Info. Servs., LLC v. Rpost Int'l Ltd.*, 206 F.R.D. 367 (S.D.N.Y. 2002); *see also Armstrong v. Hempstead Union Free School District*, No. 25-cv-03611 (RPK) (JMW), 2025 WL 3440499, at *6 (E.D.N.Y. Dec. 1, 2025) (granting a stay where "no discovery ha[d] taken place" considering the deadline for initial disclosures had not expired).

Plaintiff asserts that delay increases "the risk that witnesses become unavailable, memories fade, and records are lost." (ECF No. 10 at 9.) But "[m]ere delay in the litigation does not establish undue prejudice." *Wiesel v. Apple Inc.*, 2021 WL 5038754, at *3 (E.D.N.Y. Oct. 29, 2021). Because Plaintiff fails to "identify any documents, witnesses, or other sources of information that might become unavailable during a stay," *Dougherty v. Zynga, Inc.*, 2026 WL 1218876, at *2 (E.D.N.Y. May 4, 2026), he fails to show undue prejudice. This factor therefore favors staying discovery.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Stay Discovery Pending Resolution of its Motion to Dismiss (ECF No. 9), is **GRANTED** in part and **DENIED** in part. The parties are directed to make Rule 26(a)(1) disclosures by December 11, 2026. All other discovery is stayed pending the outcome of the motion to dismiss. In the event the motion is denied, the parties shall meet and confer and, within 10 days of the posting of the order on the motion to dismiss, file on ECF a proposed discovery plan.

Dated: Central Islip, New York
November 6, 2026

**S O O R D E R E D:**

/S/ James M. Wicks
JAMES M. WICKS
United States Magistrate Judge